UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD ANDEL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0273** |
| **CITY OF MANDEVILLE, LOUISIANA ET AL.** | **SECTION "C" (2)** |

**ORDER AND REASONS**[1]

Before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by defendants Percy S. Richard III and Ronald W. Ruple. Rec. Doc. 8. Plaintiff opposes this motion. Rec. Doc. 15. For the reasons set forth below, the motion is PARTIALLY GRANTED and PARTIALLY DENIED.

**I. BACKGROUND**

Plaintiff has filed a 42 U.S.C. §§1983 and 1988 claim for damages under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and under the laws of the State of Louisiana arising out of, *inter alia*, the filing of an allegedly false police complaint on February 12, 2013 at the behest of defendant Richard, who is the Mandeville Chief of Police, and defendant Ruple, who is a Captain within the Mandeville Police Department. Rec. Doc. 1. Defendants Richard and Ruple, in their individual and official capacities, have moved to dismiss Plaintiff's claims against them for failure to state a claim upon which relief can be granted pursuant to F.R.C.P. 12(b)(6), and they have moved to dismiss the claims on the basis that they are entitled to the protections of qualified immunity. Rec. Doc. 8.

Plaintiff alleges that defendants Ruple and Richard conspired to have him fired after plaintiff confronted Ruple when Ruple did not follow through on his promise to award plaintiff a take-home car. Rec.

---

[1] Jennifer Watkins, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

1

Doc. 1 at 7. As part of the defendants' plan, plaintiff alleges that Ruple and Richard recruited defendant Kay Chetta, the daughter of their friend, to lodge a police complaint against the plaintiff for harassment alleging he asked her for a date during his security duty at a bank. Rec. Doc. 1 at 6. However, plaintiff states that he had split his shift that day with another officer and was not present at the bank at the time of the complaint and that video surveillance confirms that he did not arrive to the bank until two hours after the harassment allegedly took place. Rec. Doc. 1 at 8-9. Because of the complaint, plaintiff alleges that an Internal Affairs Investigation was commenced. Doc. 1 at 9. Furthermore, plaintiff alleges that defendants Ruple and Richard downgraded his performance evaluations and otherwise attempted to destroy a positive professionalism commendation plaintiff had received. Doc. 1 at 9-10.

## II. STANDARD OF REVIEW

In general, when considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). The plaintiff must plead sufficient facts to state a claim for relief that is "plausible on its face;" the plaintiff's right to relief must be raised "above the speculative level" by the factual allegations. *Id.* Conclusory allegations or legal conclusions serving as factual conclusions will not prevent dismissal. *United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 654 (5th Cir. 2004). In order to state a claim under Section 1983, the Plaintiff must demonstrate a violation of the Constitution or federal law and that the violation was committed by someone acting under the color of state law. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005). A complaint should not be dismissed for failure to state a claim unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284-85 (5th Cir. 1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. LAW AND ANALYSIS

The Defendants, Richard and Ruple, claim that the Plaintiff has failed to plead the specific facts necessary to support his civil rights claim. Rec. Doc. 8 at 1. Richard and Ruple also claim that they are entitled to qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Plaintiff is not required to anticipate the defense of qualified immunity and "provide greater specificity" in his complaint. *Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995) (per curiam) (citing *Schultea v. Wood*, 47 F.3d 1427, 1430, 1433-34 (5th Cir. 1995) (en banc)). However, the Plaintiff has the burden to negate the assertion of qualified immunity once it is raised. *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009). "[W]hen a plaintiff sues a public official under §1983, the district court must insist on a heightened pleading by the plaintiff." *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) (citing *Schultea*, 47 F.3d at 1433). This heightened pleading requirement can be satisfied by "a detailed Rule 7 reply, which the district court [can] order on the defendant's motion or sua sponte." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "[T]he reply must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Schultea*, 47 F.3d at 1433. "Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff['s] injury." *Reyes v. Sazan,* 168 F.3d 158, 161 (5th Cir.1999). "Plaintiffs suing governmental officials in their individual capacities. . . must allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). "The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity." *Schultea,* 47 F.3d at 1434. "*Schultea* says that a plaintiff must first 'support[] his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.'" *Baker v. Putnal,* 75 F.3d 190, 197 (5th Cir.1996) (quoting *Schultea,* 47 F.3d at 1434).

### A. Qualified Immunity

The Court here finds that the Plaintiff has sufficiently established the connection of defendants Richard and Ruple to the alleged events. The Court also finds that defendants Richard and Ruple, as officers within the Mandeville Police Department, are public officials who can assert the qualified immunity defense. Rec. Doc. 8 at 16. Because Richard and Ruple have properly asserted the defense of qualified immunity, the burden shifts to plaintiff to sufficiently support his claim that defendants' conduct violated his constitutional rights. Rec. Doc. 8 at 16; *Collier*, 569 F.3d at 217. The present motion is a motion to dismiss, not a motion for summary judgment. Therefore, the Court grants plaintiff leave to file a reply tailored to the answer, which plead the defense of qualified immunity, within 21 days. *Schultea*, 47 F.3d at 1434. Afterwards, the parties may conduct discovery on the issue of qualified immunity and submit motions for summary judgment. *Id.* This process shall not stall the entry of a usual scheduling order in this case.

### B. Violations of Plaintiff's First, Fourth, Fifth or Fourteenth Amendment Rights

Defendants assert that plaintiff has not set forth a claim against them under the First, Fourth, Fifth or Fourteenth Amendments to the United States Constitution. Rec. Doc. 8 at 9. To establish a First Amendment retaliation claim under §1983, the Plaintiff must show:

> (1) that [he] suffered an adverse employment action; (2) as a result of speech involving a matter of public concern; (3) that [his] interest in commenting on the matter of public concern outweighed the defendant's interest in promoting efficiency, [sic] and (4) that the adverse action was motivated by protected speech.

*Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 341 (5th Cir. 2003). Defendants have argued that plaintiff made no claim based on plaintiff's speech or freedom of expression under the First Amendment. Rec. Doc. 8 at 9-10. The Court agrees with the defendants that the plaintiff has failed to allege that he made any speech involving a matter of public concern for which he suffered a retaliatory employment action. *See Id.* (finding that speech that primarily addresses an employee's own employment status rather than a matter of public concern does not give rise to a cause of action under § 1983) (internal citations omitted); Rec. Doc. 15 at 13. As such, plaintiff's claim under the First Amendment is dismissed.

Plaintiff has failed to offer any explanation of how the defendants have violated his Fourth Amendment rights, the right to be free from unreasonable searches and seizures. Defendants have stated that plaintiff brings no claim based on an unreasonable search or seizure under the Fourth Amendment. Rec. Doc. 8 at 10. Plaintiff makes no mention of any specific facts concerning Fourth Amendment rights in either his complaint or his opposition to defendants' motion to dismiss. Rec. Doc. 1 and 15. The Court agrees with the defendants that the plaintiff has failed to allege any violation of the Fourth Amendment and subsequently plaintiff's claim under the Fourth Amendment is dismissed.

The due process clause of the Fifth Amendment only applies to federal actors. *Blackburn v. City of Marshall*, 42 F.3d, 925, 930 n.3 (5th Cir. 1995). "The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States from depriving any person of property without 'due process of law.'" *Dusenbery v. United States*, 534 U.S. 161, 167 (2002). The defendants argue that plaintiff has failed to set forth a claim of a Fifth Amendment violation. Rec. Doc. 8 at 11. The Court finds that of the various rights protected by the Fifth Amendment, plaintiff only alleges a violation of due process of law. Rec. Doc. 1 at 11. As none of the defendants are federal actors, plaintiff must assert any due process claims pursuant to Fourteenth Amendment. Plaintiff's Fifth Amendment claim is dismissed.

In regards to the Plaintiff's Fourteenth Amendment claims, "[i]n a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." *Blackburn,* 42 F.3d at 935. Plaintiff alleges in his complaint that he has been deprived due process by the deprivation of a liberty or property interest. Rec. Doc. 1 at 11. While the Court believes plaintiff is generally alleging that his due process was violated based on either the "wholly fictitious allegations" or the unfavorable evaluations, plaintiff has not explained how his due process was deprived by the defendants in

violation of plaintiff's Fourteenth Amendment rights.  Plaintiff has only alleged that the defendants' policies or customs violated his constitutional rights and has not explained how those policies or customs deprived plaintiff of a constitutional right.  Rec. Doc. 1 at 3-4.  The Court grants the plaintiff leave to amend his complaint within ten days to specifically allege that defendants violated his rights in some way under the Fourteenth Amendment.  Should plaintiff choose not to amend this complain within this time, the motion shall be granted as to the allegations under the Fourteenth Amendment.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the Motion to Dismiss filed by defendants Percy S. Richard III and Ronald W. Ruple is PARTIALLY GRANTED and PARTIALLY DENIED.  Rec. Doc. 8.

IT IS FURTHER ORDERED that plaintiff is given leave to file a reply tailored to the answer, which pled the defense of qualified immunity, within 21 days of the issuance of this order.

IT IS FURTHER ORDERED that Plaintiff is given ten days from the issuance of this order to amend his complaint specifying his allegations against the defendants under the Fourteenth Amendment.

New Orleans, Louisiana, this 23rd day of September,  2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**