### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**LLOYD ANDEL**                                       **CIVIL ACTION**

**VERSUS**                                            **NO. 13-0273**

**CITY OF MANDEVILLE, LOUISIANA, ET AL.**             **SECTION "C" (2)**


### ORDER AND REASONS

This matter arises out of an alleged conspiracy to terminate Plaintiff's employment with the Mandeville Police Department. Plaintiff alleges that after a confrontation with a supervising officer (Captain Ronald Ruple) regarding a take-home squad car, Captain Ruple swore vengeance on Plaintiff which he realized with the help of Mandeville Police Chief Percy Richard and a family friend, Kay Chetta, by having Chetta file a false complaint against Plaintiff. Rec. Doc. 1. Plaintiff brought this action on February 13, 2013, arguing that his wrongful termination amounted to a violation of his constitutional rights that was actionable under 42 U.S.C. §1983 and further that defendants had committed a tort against him under state law. *Id.*

On July 11, 2013, defendants Richard and Ruple moved to dismiss all claims against them. Rec. Doc. 8. The Court granted plaintiff leave to amend to address the deficiencies identified in the defendants' motion that were within his power to remedy. Rec. Doc. 20. Plaintiff did not avail himself of this opportunity; as a result the Court dismissed all of the claims against those defendants. Rec. Doc. 27. In the midst of this sequence, the Court dismissed Plaintiff's claims against Kay Chetta for failure to prosecute. Rec. Doc. 26.

Before the Court currently is a motion for summary judgment filed on behalf of the remaining defendants - Mayor Donald J. Villere, in his official capacity, and the City of Mandeville,

Louisiana.  Rec. Doc. 31. Plaintiff has filed no opposition. After reviewing the motion and considering the record and the law, the Court determines that the motion has merit which plaintiff could not possibly overcome.

Defendant's motion for summary judgment argues that Plaintiff's claims against the Mayor and the City of Mandeville under 42 U.S.C. § 1983 and La. Civ. Code 2317[1] must be dismissed because the Court has already dismissed the liability claims against the individual officers accused in this matter (Richard and Ruple) for failure to state a claim upon which relief can be granted. Summary judgment is warranted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Where, as here, a motion for summary judgment challenges the adequacy of the complaint, the motion should be evaluated in the same way as a motion to dismiss under Rule 12(b)(6). *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993). The question that the court considers is whether, accepting the allegations of the complaint as true, plaintiff nonetheless fails to state a claim upon which relief can be granted. *Id.*

Under federal law, an official capacity suit is the equivalent of one against the municipality itself. *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985). The merits of an official capacity suit, like suit against the city itself, require the plaintiff to demonstrate that the entity's policy or custom resulted in a deprivation of plaintiff's federal rights. *Id.* Clearly, if Plaintiff is unable to show that his federal rights were deprived in the first place, there can be no claim that defendants' policies or customs led to such deprivation. *Beccera v. Ahser*, 105

---

[1] The kind of *respondeat superior* liability that Plaintiff alleges is actually cognizable under La. Civ. Code 2320. *Lamkin v. Brooks*, 498 So. 2d 1068, 1070 (La. 1986)

F.3d 1042, 1047-48 (5th Cir. 1997); *Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389, 392-93 (5th Cir. 1999). Municipal liability and official capacity claims under Louisiana law may be based on a *respondeat superior* theory of liability. *See Lamkin*, 498 So. 2d 1068, 1070 (La. 1986); *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So. 2d 669 (La. 1981). Thus, the same principle operates to bar recovery. The Mayor and City cannot be secondarily liable for a tort that cannot be proven.

Accordingly,

IT IS ORDERED that defendants' Motion for Summary Judgment under FRCP 56 is GRANTED. Rec. Doc. 31. Judgment of dismissal with prejudice shall be entered against plaintiff and in favor of defendants.

New Orleans, Louisiana, this 12th day of May, 2014

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**